IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>TEO VAN PHAN and KIM NGUYEN,<br><br>                    Defendants. | 4:12-CR-3059<br><br>PRELIMINARY ORDER OF FORFEITURE |

    This matter is before the Court upon the plaintiff's Motion for Issuance of Preliminary Order of Forfeiture (filing 208) with respect to defendants Teo Van Phan and Kim Nguyen. The indictment in this case (filing 1) charged the defendants with, among other things, mail fraud. The indictment contained a forfeiture allegation seeking the forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of any property, real or personal, which constitutes or is derived from proceeds obtained directly or indirectly as a result of the offense of mail fraud, including but not limited to:

- All "contraband cigarettes" addressed and delivered to 2742 Holdrege, Apt. 2, Lincoln, Nebraska, between September 20, 2011, and May 22, 2012;

- 341 packs of "contraband cigarettes" located and seized from 2742 Holdrege, Apt. 2, Lincoln, Nebraska, on April 24, 2012;

- All "contraband cigarettes" addressed and delivered to 3940 N. 20th St., Lincoln, Nebraska, between September 20, 2011, and May 22, 2012;

- 441 packs of "contraband cigarettes" located and seized from 3940 N. 20th St., Lincoln, Nebraska, on April 24, 2012;

- $4,400.00 in U.S. currency located and seized from 3940 N. 20th St., Lincoln, Nebraska, on April 24, 2012;

- All "contraband cigarettes" addressed and delivered to 4140 N. 20th St., Lincoln, Nebraska, between September 20, 2011, and May 22, 2012;

- 1 pack of "contraband cigarettes" located and seized from 4140 N. 20th St., Lincoln, Nebraska, on April 24, 2012;

- All "contraband cigarettes" addressed and delivered to 663 S. 19th St., Apt. B2, Lincoln, Nebraska, between September 20, 2011, and May 22, 2012;

- 7 cartons of "contraband cigarettes" located and seized from 663 S. 19th St., Apt. B2, Lincoln, Nebraska, on April 24, 2012;

- All "contraband cigarettes" addressed and delivered to 1715 4th Corso, Apt. 2, Nebraska City, Nebraska, between September 20, 2011, and May 22, 2012;

- 8 packs of "contraband cigarettes" located and seized from 1715 4th Corso, Apt. 2, Nebraska City, Nebraska, on April 24, 2012; and

- $1,649.00 in U.S. currency located and seized from 1715 4th Corso, Apt. 2, Nebraska City, Nebraska, on April 24, 2012.

(Filing 1). The forfeiture allegation also sought the forfeiture of substitute property pursuant to 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c).

Each defendant pled guilty to, among other things, a count of mail fraud, and admitted the forfeiture allegation. (Filings 79 and 101). And the Court imposed forfeiture of the property at sentencing for each defendant.[1] (Filings 189 and 206). The plaintiff is therefore entitled to possession of the property, pursuant to 21 U.S.C. § 853 and 28 U.S.C. 2461(c). The plaintiff's motion for preliminary order of forfeiture is granted.

IT IS ORDERED:

1. The plaintiff's Motion for Issuance of Preliminary Order of Forfeiture (filing 208) is granted.

2. Based upon the defendants' guilty pleas and admission of the forfeiture allegation of the indictment, the plaintiff is authorized to seize the property described above.

---

[1] The Court notes that no motion for preliminary order of forfeiture was filed before sentencing, and that a "final" order of forfeiture was referred to at sentencing. The Court finds, however, that the error in failing to enter a preliminary order of forfeiture before sentencing was clerical, and that a preliminary order of forfeiture is still appropriate at this stage. *See U.S. v. Christensen,* 2012 WL 5354745 (D. Neb. Oct. 29, 2012).

3. The interests of defendants Teo Van Phan and Kim Nguyen in the property are forfeited to the plaintiff for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

4. The property is to be held by the plaintiff in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), the plaintiff shall publish for at least thirty consecutive days on an official Internet government forfeiture site (www.forfeiture.gov) notice of this order, notice of publication evidencing the plaintiff's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendants, having or claiming a legal interest in the property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6. Such published notice shall state that the petition referred to in paragraph 5, above, shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the property and any additional facts supporting the petitioner's claim and relief sought.

7. The plaintiff may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property as a substitute for published notice as to those persons so notified.

8. Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

- 4 -

Dated this 21st day of November, 2012.

                                              BY THE COURT:

                                              John M. Gerrard
                                              United States District Judge